## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **J.J.-1 and J.J.-2**

**No. 22-684** (Kanawha County 22-JA-150 and 22-JA-151)

## MEMORANDUM DECISION

Petitioner Mother C.B.[1] appeals the Circuit Court of Kanawha County's July 28, 2022, order terminating her parental, custodial, and guardianship rights to J.J.-1 and J.J.-2.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In April of 2022, the DHHR filed an abuse and neglect petition alleging that petitioner neglected her children due to substance abuse. The petition alleged that, upon admission to the hospital for J.J.-2's birth, petitioner tested positive for buprenorphine and methamphetamine. After birth, J.J.-2 was admitted to the hospital due to the infant "withdrawing from an unknown substance and consequently being treated with [m]ethadone." Petitioner was discharged before J.J.-2, and the petition alleged she "did not attempt to contact the hospital" to check on the infant and, initially, did not respond to the DHHR worker who tried to reach out. Additionally, the petition alleged that, through her investigation, the DHHR worker learned that J.J.-1 was being raised by a paternal relative.

At the preliminary hearing, the circuit court directed the DHHR to provide petitioner parenting classes, adult life skills classes, random drug screens, and supervised visitation, contingent upon clean drug screens. The court held an adjudicatory hearing on May 19, 2022. Petitioner did not appear, but she was represented by counsel. A DHHR worker testified that both children were born addicted to drugs and underwent treatment for withdrawal. Following the

---

[1]Petitioner appears by counsel Jason S. Lord. The West Virginia Department of Health and Human Resources ("DHHR") appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Katherine A. Campbell. Counsel Jennifer N. Taylor appears as the children's guardian ad litem.

[2]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e). Additionally, because the children share the same initials, we refer to them as J.J.-1 and J.J.-2, respectively.

testimony, the court found that petitioner failed to obtain any prenatal care while pregnant with J.J.-2, gave birth to two infants addicted to illicit substances, had significant substance abuse issues, and "failed to support her children in any way." The court then adjudicated petitioner as an abusing and neglecting parent and set the matter for disposition.

The circuit court held a dispositional hearing on July 26, 2022. Petitioner was present and represented by counsel at the hearing. The court received testimony from the DHHR worker and the petitioner. The DHHR worker testified that petitioner never completed any court-ordered drug screens, had not met regularly with the provider for parenting and life skills classes, and noted that both the provider and the worker had difficulty getting in contact with petitioner. Petitioner was offered inpatient rehabilitative services but declined, stating that she was worried no one would care for her pets. Petitioner testified, admitting that she had not participated in drug screening and had not been consistent in meeting with the provider. She further testified that she had recently been evicted and currently did not have housing, admitting that her pets were an obstacle to obtaining adequate housing.

Based on the evidence, the court found that the petitioner had a history of substance abuse but failed to obtain any treatment; failed to obtain prenatal care for J.J.-2; consumed illicit substances while pregnant with both J.J.-1 and J.J.-2, resulting in both children being born addicted to substances; failed to significantly participate in court-ordered services; and failed to obtain employment and proper housing. Therefore, the court found that there "is no reasonable likelihood that the conditions of abuse and neglect can be substantially corrected in the future" and that termination of petitioner's parental rights to J.J.-1 and J.J.-2 is "necessary for the welfare of [the children]." Consequently, the circuit court terminated petitioner's "parental, custodial, and guardianship rights" by order entered on July 28, 2022.[3] It is from this order that petitioner appeals.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Before this Court, petitioner argues that it was error to terminate her parental rights and that the circuit court should have "afforded additional time to participate in services so that she could rectify the problems that gave rise to the filing of the petition." Upon our review, we find no error.

At the outset, we must stress that there is no evidence that petitioner made any motion for an improvement period, written or oral, during the proceedings below. In short, by failing to move for one below, petitioner has waived the right to claim on appeal that the circuit court erred in denying her an improvement period. *See Noble v. W. Va. Dep't of Motor Vehicles*, 223 W. Va. 818, 821, 679 S.E.2d 650, 653 (2009) ("Our general rule is that nonjurisdictional questions . . . raised for the first time on appeal, will not be considered." (citation omitted)).") Petitioner argues that, at disposition, she "was willing to participate in services and should have been given additional time to do so." However, petitioner was offered services as early as April 20, 2022, yet the record is replete with petitioner's failure to participate in services offered to her. Evidence at the dispositional hearing plainly showed that in the three months since services were first ordered,

---

[3]Upon successful completion of his improvement period, both children have been reunified with their father.

petitioner never completed a single drug screen, never participated in any drug rehabilitation programs, and failed to complete parenting and life skills classes.

Further, while petitioner testified to her willingness to participate in services, the court did not find her testimony to be credible, given the minimal participation by the petitioner up to that point. *See Michael D.C. v. Wanda L.C.*, 201 W. Va. 381, 388, 497 S.E.2d 531, 538 (1997) ("A reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations."). Accordingly, petitioner's argument that she required additional time to demonstrate compliance is without merit.

Finally, petitioner fails to challenge the findings upon which the circuit court based termination of her rights. As set forth above, the court concluded that petitioner's failure to participate in services resulted in there being no reasonable likelihood that she could substantially correct the conditions of abuse and neglect and that termination of her parental rights was necessary for the children's welfare. Because the court made the necessary findings upon ample evidence to terminate petitioner's rights, we find no error. *See* W. Va. Code § 49-4-604(c)(6) (permitting a circuit court to terminate parental rights upon finding that there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future and when necessary for the child's welfare); *see also* Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011)(permitting termination of parental rights "without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood . . . that conditions of neglect or abuse can be substantially corrected").

For the foregoing reasons, we find no error in the decision of the circuit court, and its July 28, 2022, order is hereby affirmed.

Affirmed.

**ISSUED**: September 20, 2023


**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn